UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDWARD COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00372-WTL-MJD |
| | ) | |
| WEXFORD HEALTH, | ) | |
| LOCKHARDT Nurse, | ) | |
| KIM HOBSON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint alleges that Nurse Lockhardt forced the plaintiff to accept and take medicine which was not his even after defendant Nurse Hobson educated the nurses on the proper procedures for distributing medications to offenders with similar or identical last names. In addition, the plaintiff alleges that Nurse Lockhardt does not follow Wexford's policy which provides that the inmate should have the opportunity to review the medication card associated with the medication being distributed in order to check to make sure the medication is intended for him. The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

The claims against Nurse Hobson and Wexford must be dismissed. The complaint does not allege any wrongdoing on their part. To the contrary, there is a policy in place to help make sure inmates receive the medication they are prescribed, but that policy is allegedly not being followed by Nurse Lockhardt. Neither Nurse Hobson nor Wexford can be held responsible for Nurse Lockhardt's alleged misconduct. A defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). The **clerk is directed** to terminate Nurse Hobson and Wexford as defendants on the docket.

The facts alleged in the complaint are sufficient to allege that Nurse Lockhardt is deliberately indifferent to the plaintiff's serious medical needs by giving the plaintiff the wrong

medications in violation of policy. This Eighth Amendment claim is brought pursuant to 42 U.S.C. § 1983. This is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 9, 2017,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Nurse Lockhardt in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 3, 2017, Dkt. No. 2, Entry Severing Claims issued September 14, 2017, Dkt. No. 8, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/11/17

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD COCHRAN
212040
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Nurse Lockhardt, Medical Staff
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

Curtesy Copy to:

Douglas Bitner
Katz Korin Cunningham PC
334 North Senate Avenue
Indianapolis, IN  46204-1708